# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**Joseph Deliz**                      Civil Action No.
                                               HON:

       Plaintiff,

vs.

**CITY OF WYANDOTTE, CITY OF ECORSE, CITY
OF LINCOLN PARK, WYANDOTTE OFFICER CADE BARWIG,
ECORSE OFFICER CRAIG THOMAS CIESZKOWSKI,
ECORSE CORPORAL JARROD FEDEA, ECORSE OFFICER SASU,
LINCOLN PARK OFFICER T. FARMER, AND POLICE OFFICERS
JOHN DOES 1 -3**
in their individual and
official capacities,

       Defendants.
_____/

ROMANO LAW, PLLC
DANIEL G. ROMANO (P49117)
GINA U. PUZZUOLI (P37792)
Attorneys for Plaintiff
23880 Woodward Avenue
Pleasant Ridge, MI 48069
(248) 750-0270
dromano@romanolawpllc.com
gpuzzuoli@romanolawpllc.com
_____/

       THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT.

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JOSEPH DELIZ, by and through his attorneys, ROMANO LAW PLLC, and for his complaint against the above- named Defendants, state as follows:

1. Plaintiff is a resident of the City of Wyandotte, County of Wayne, State of Michigan.

2. Defendant City of Wyandotte is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3. Defendant City of Ecorse is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4. Defendant City of Lincoln Park is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

5. Defendant Officer CADE BARWIG is and/or was a police officer employed by the City of Wyandotte at the Wyandotte Police Department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

6. Defendant Officer CRAIG THOMAS CIESZKOWSK is and/or was a police officer employed by the City of Ecorse at the Ecorse Police Department and

was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

7. Defendant CORPORAL JARROD FEDEA is and/or was a police officer employed by the City of Ecorse at the Ecorse Police Department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

8. Defendant OFFICER SASU is and/or was a police officer employed by the City of Ecorse at the Ecorse Police Department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

9. Defendant OFFICER T. FARMER is and/or was a police officer employed by the City of Lincoln Park at the Lincoln Park Police Department and was acting under color of law, in his individual and official capacities, and within the course and scope of his employment at all times mentioned herein.

10. Defendant Officers John Doe 1 - 3 are and/or were police officers employed by the City of Lincoln Park, City of Wyandotte and/or City of Ecorse and were acting under color of law, in their individual and official capacities, and within the course and scope of their employment at all times mentioned herein.

11. All relevant events giving rise to this lawsuit occurred in the County of Wayne, State of Michigan.

12. That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment of the United States Constitution and the Fourteenth Amendment Due Process Clause, and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. Sections 1983 and 1985 specifically unreasonable search and seizure and excessive force, and Plaintiff also has viable state law claims of assault and battery and intentional infliction of emotional distress.

13. Jurisdiction is vested in this Court pursuant to 28 U.S.C. Section 1331 [federal question], 28 U.S.C. Section 1343 [civil rights].

14. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS:

15. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

16. That on or about February 14, 2019 while Plaintiff was driving in the City of Wyandotte with a friend, Defendant Officer Cade Barwig began to follow Plaintiff's vehicle.

17. Plaintiff continued driving to the City of Lincoln Park and then the City of Wyandotte where he got into an accident at Outer Drive and East Jefferson Avenue.

18. Plaintiff was able to get out of the vehicle on his own and was not resisting when he was forcibly pulled out of the vehicle by Defendant Ecorse Police Officer Craig Thomas Cezowski, who then slammed Plaintiff onto the ground even though Plaintiff was not resisting, threatening or fleeing from the officers.

19. Upon information and belief, after Plaintiff was slammed to the ground, he was repeatedly punched all about his body by Defendants Lincoln Park Officer T. Farmer, Wyandotte Officers Cade Barwig and Ecorse Officers Thomas Cezowski and Sasu and Corporal Jarrod Fedea.

20. That one or more of these Defendant Officers struck Plaintiff in and about the head with a hard object that felt like a baton which resulted in a serious skull injury.

21. That the Defendant Officers who were present as this was happening, including John Doe Officers 1-3, saw Plaintiff being beaten, had the ability to stop the beating, and failed to stop the beating, all the while going along with the beating officers' actions.

22. That at the hospital, Plaintiff needed approximately 80 stitches to his head and face area as a result of the beating.

23. That each and every one of the above-named Defendant Officers knew they had no justification to use the amount of force on Plaintiff that was used to inflict harm on him and that it was an excessive use of force in violation of Plaintiff's civil rights.

24. That as a result of Defendants' violation of Plaintiff's civil rights and of state law for assault and battery, including the use of excessive force, Plaintiff suffered significant physical and emotional injuries and damages, including, but not limited to damage to his head and face, scarring, emotional injuries, fright, shock, financial damages, humiliation, embarrassment, and pain and suffering, which continue today.

## COUNT I:

## VIOLATION OF THE FOURTH AMENDMENT 42 US.C. SECTION 1983 EXCESSIVE FORCE

25. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

26. That the Civil Rights Act, 42 USC 1983 provides for civil liability of the deprivation of any right, privilege or immunity secured by the Constitution and laws of the United States, while committed under color of law.

27. That the named Defendants, Barwig, Cezowski, Sasu and Fedea by virtue of their purported authority as Police Officers, unlawful use of excessive force on Plaintiff violated his clearly established and federally protected rights as set forth under the U.S. Constitution and Amendments thereto, including but not limited to the Fourth Amendment to be free from unreasonable searches and seizures when they employed the unreasonable and unnecessary force on Plaintiff.

28. That in addition, the Defendant Officers, including Officers John Does 1-3 are liable to Plaintiff for failing to intervene although they were standing right where the excessive force was used, had the ability to stop such excessive force from being used and failed to do so.

29. The above-named Defendant Officers' actions were objectively unreasonable at all times and constituted excessive force and violated Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments.

30. The above-named Defendant Officers are not entitled to qualified immunity because they violated Plaintiff's clearly established rights.

31. As a direct and proximate result of the violations and deprivations of Plaintiff's rights, he suffered injuries to his head, face and body requiring medical treatment and has a viable claim for compensatory and punitive damages.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter judgment against the individual Defendant Officers in their individual and official capacities,

in an amount that is fair, just and equitable for the injuries and damages, compensatory and punitive, for the use of excessive force together with interest, costs and attorney fees, under 42 USC §1988.

## COUNT II:
## CITY OF WYANDOTTE'S CONSTITUTIONAL VIOLATIONS

32. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

33. The Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from the use of excessive force against citizens.

34. Defendant City of Wyandotte permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights complained of herein.

35. That these customs, practices and/or policies included, but were not limited to, the following:

    a. Failing to adequately train, monitor, discipline and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train, monitor, discipline and/or supervise police officers regarding the use of excessive force on individuals and/or arrestees during arrests;

    c.    Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Wyandotte knew, or should have known, were violating, or were prone to violating citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct and acting in a revengeful manner; and

    d.    Failing to adequately train, monitor, discipline and/or supervise its police officers in the proper policies and procedures for the use of force and the proper policies and procedures for effectuating an arrest and providing medical treatment.

36.    Defendant City of Wyandotte's lack of training, supervision and monitoring of its officers was the motivating factor driving the violation of Plaintiff's civil rights.

37.    As a direct and proximate result of the deliberate indifference of Defendant City of Wyandotte to the rights of citizens, Plaintiff suffered a deprivation of his constitutional rights resulting in injury as more fully described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor against the Defendant City of Wyandotte, for injuries

and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

## COUNT III:

## CITY OF ECORSE'S CONSTITUTIONAL VIOLATIONS

38. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39. The Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from the use of excessive force against citizens.

40. Defendant City of Ecorse permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights complained of herein.

41. That these customs, practices and/or policies included, but were not limited to, the following:

    a. Failing to adequately train, monitor, discipline and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train, monitor, discipline and/or supervise police officers regarding the use of excessive force on individuals and/or arrestees during arrests;

      c.      Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Ecorse knew, or should have known, were violating, or were prone to violating citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct and acting in a revengeful manner; and

      d.      Failing to adequately train, monitor, discipline and/or supervise its police officers in the proper policies and procedures for the use of force and the proper policies and procedures for effectuating an arrest and providing medical treatment.

42. Defendant City of Ecorse's lack of training, supervision and monitoring of its officers was the motivating factor driving the violation of Plaintiff's civil rights.

43. As a direct and proximate result of the deliberate indifference of Defendant City of Ecorse to the rights of citizens, Plaintiff suffered a deprivation of his constitutional rights resulting in injury as more fully described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor against the Defendant City of Ecorse, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

# COUNT IV: CITY OF LINCOLN PARK'S CONSTITUTIONAL VIOLATIONS

42. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

43. The Fourth Amendment prohibition against unreasonable searches and seizures forbids police officers from the use of excessive force against citizens.

44. Defendant Lincoln Park permitted customs, practices, and/or policies which resulted in the violations of Plaintiffs' constitutional rights complained of herein.

45. That these customs, practices and/or policies included, but were not limited to, the following:

    a. Failing to adequately train, monitor, discipline and/or supervise its police officers so as to prevent violations of citizens' constitutional rights;

    b. Failing to adequately train, monitor, discipline and/or supervise police officers regarding the use of excessive force on individuals and/or arrestees during arrests;

    c. Failing to adequately supervise, review, and/or discipline police officers whom Defendant City of Lincoln Park knew, or should have known, were violating, or were prone to violating citizens'

        constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct and acting in a revengeful manner; and

    d.    Failing to adequately train, monitor, discipline and/or supervise its police officers in the proper policies and procedures for the use of force and the proper policies and procedures for effectuating an arrest and providing medical treatment.

46. Defendant City of Lincoln Park's lack of training, supervision and monitoring of its officers was the motivating factor driving the violation of Plaintiff's civil rights.

47. As a direct and proximate result of the deliberate indifference of Defendant City of Lincoln Park's to the rights of citizens, Plaintiff suffered a deprivation of his constitutional rights resulting in injury as more fully described above.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter a judgment in her favor against the Defendant City of Lincoln Park, for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees

## COUNT V: ASSAULT AND BATTERY

48. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

49. Defendants Officers Barwig, Cezowski, Sasu and Fedea intentionally caused harmful, offensive and unpermitted direct contact with Plaintiff.

50. Defendant Officers Barwig, Cezowski, Sasu and Fedea intentionally caused imminent fear and apprehension of contact and harm to Plaintiff as described in the paragraphs above.

51. Defendant Officers Barwig, Cezowski, Sasu and Fedea had the apparent present ability to accomplish the contact and did in fact make unpermitted contact with Plaintiff's person.

52. That Plaintiff did in fact experience imminent fear and apprehension of harm.

53. Defendant Officers Barwig, Cezowski, Sasu and Fedea's actions constitute an assault and battery.

54. Defendant Officers Barwig, Cezowski, Sasu and Fedea are not entitled to governmental immunity as their actions were not in good faith, were done with a substantial lack of concern as to whether an injury and/or further

injury resulted, and the injuries were the direct and proximate result of the Defendant's actions.

55. That as the direct and proximate result Plaintiff has suffered and will continue to suffer mental and emotional anguish, pain and suffering, scarring, loss of enjoyment of life, humiliation, degradation, fright, shock, economic and consequential damages, and physical injuries including but not limited to his head, face and body, bruises and abrasions and other damages that may be discovered throughout the course of this lawsuit.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter

judgment in his favor against the Defendant Officers in their individual and official capacities for injuries and damages, compensatory and punitive, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, costs, and attorney fees.

                                          Respectfully submitted,

                                          /s/Gina U. Puzzuoli
                                          ROMANO LAW, PLLC

                                          DANIEL G. ROMANO (P49117)
                                          GINA U. PUZZUOLI (P37992)
                                          Attorneys for Plaintiff
                                          23880 Woodward Avenue
                                          Pleasant Ridge, MI 48069
                                          (248) 750-0270

Dated: December 15, 2020