UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Joseph Deliz,

    Plaintiff,

-vs-

City of Wyandotte, City of Ecorse, City
of Lincoln Park, Wyandotte Officer Cade Barwig,
Ecorse Officer Craig Thomas Cieszkowski,
Ecorse Corporal Jarrod Fedea, Ecorse Officer Sasu,
~~Lincoln Park Officer T. Farmer~~, Lincoln Park Police
Officer Anthony Kupser and Police Officers
John Does 1 -3 in their individual and official capacities,

    Defendants.

Case No. 2:20-cv-13298
Hon. Terrence G. Berg
Magistrate Kimberly G. Altman

_____/

| | |
|---|---|
| Daniel G. Romano (P49117)<br>Gina U. Puzzuoli (P37792)<br>Romano Law, PLLC<br>Attorneys for Plaintiff<br>23880 Woodward Avenue<br>Pleasant Ridge, MI 48069<br>(248) 750-0270 / (248) 936-2105 Fax<br>dromano@romanolawpllc.com<br>gpuzzuoli@romanolawpllc.com | Michael D. Crow (P51538)<br>Crow Law Firm<br>Attorney for Defendants<br>City of Ecorse, Cieszkowski and Fedea<br>16842 Kercheval Avenue<br>Grosse Pointe, MI 48230<br>(313) 925-2999<br>(313) 925-2998 Fax<br>mike@thecrowfirm.com |
| David A. Brauer (P45220)<br>Law Offices of Catherine Gofrank<br>Attorney for Defendants<br>City of Wyandotte, Barwig and Sasu<br>1441 West Long Lake Rd., Suite 305<br>Troy, MI 48098<br>(248) 312-7939 / (855) 832-2458 Fax<br>dbrauer@travelers.com | James E. Tamm (P 38154)<br>Kerr, Russell, and Weber, PLC<br>Attorney for Defendants<br>City of Lincoln Park and Kupser<br>500 Woodward Avenue<br>Suite 2500<br>Detroit, MI 48226<br>(313) 965-1023 / (313) 961-0388 Fax<br>jtamm@kerr-russell.com |

_____/

# **STIPULATED PROTECTIVE ORDER PURSUANT TO FRCP 26(c)(1)**

This matter having come before this Honorable Court pursuant to the stipulation of the parties; and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that any and all personnel files, policies, procedures, orders and training material requested in any and all of Plaintiff's discovery requests, will be produced subject to the following conditions:

1. The above-described materials will be used solely for purposes of this lawsuit and in compliance with the applicable Federal Rules of Civil Procedure, including, but not limited to, FRCP 26(c)(1) and the Federal Rules of Evidence.

2. All information in the above-described materials shall be used only for the purpose of this lawsuit and not for any other purpose.

3. This Order shall survive the final termination of this action. Upon termination of this case, counsel for the parties shall assemble and return to each other all information designated as confidential or attorneys' eyes only and all copies of same, or shall certify the destruction thereof. The Court shall retain jurisdiction to entertain such further proceedings and to enter further orders and judgments as may be necessary or appropriate to implement and/or enforce the provisions of this Order.

4. The parties agree to return or destroy all documents and/or materials

produced by Defendants that are the subject to the Protective Order, within fourteen (14) days of entry of the Order of Dismissal of this lawsuit.

5. Any and all information and/or materials produced in this regard may not be duplicated, forwarded, shared, published and/or disclosed in any manner or form with any other person and/or entity for any reason, without the consent of Defendants, other than for purposes of this lawsuit. If material is disclosed in any manner for purposes of this lawsuit, including disclosure to attorneys, staff, expert witnesses and the parties, a copy of this Order must be provided to the person or entity receiving the disclosure and they will be bound by this Order.

6. This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter in any civil case pursuant to this section shall file and serve a motion that sets forth (i) the authority for sealing; (ii) an identification and description of each item proposed for sealing; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is not available or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a memorandum of legal authority supporting the seal.

/s/Terrence G. Berg  
U.S. DISTRICT COURT JUDGE

Dated: May 27, 2021

We agree to entry of the above Order:


 /s/Gina U. Puzzuoli w/consent_____
Daniel G. Romano (P49117)
Gina U. Puzzuoli (P37792)
Attorneys for Plaintiff
dromano@romanolawpllc.com
gpuzzuoli@romanolawpllc.com


 /s/David A. Brauer w/consent_____
David A. Brauer (P45220)
Attorney for Defendants
City of Wyandotte, Barwig and Sasu
dbrauer@travelers.com


 /s/Michael D. Crow_____
MICHAEL D. CROW (P51538)
Attorney for Defendants
City of Ecorse, Cieszkowski and Fedea
mike@thecrowfirm.com


 /s/James E. Tamm w/consent_____
James E. Tamm (P 38154)
Attorney for Defendants
City of Lincoln Park and Kupser
jtamm@kerr-russell.com